UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

ASHLEY MUDRY, on behalf of herself
and all others similarly situated,

Civil Action No.:
21-CV-00029 (ALC)

Plaintiff,

-against-

**AMENDED COMPLAINT**

THE STOP & SHOP SUPERMARKET
COMPANY LLC,

**Jury Trial Demanded**

Defendant.

-----------------------------------------------------------------------x

Plaintiff ASHLEY MUDRY ("Plaintiff"), on behalf of herself and all others similarly situated, brings this action for damages and other legal and equitable relief against Defendant THE STOP & SHOP SUPERMARKET COMPANY LLC ("Defendant"), upon personal knowledge as to herself and upon information and belief as to others, for violations of the New York State Labor Law ("NYLL"), the New York Code of Rules and Regulations ("NYCRR"), The New York Wage Theft Prevention Act, and any other causes of action that can be inferred from the facts set forth herein:

## PARTIES

1. Plaintiff is a citizen of New York State.

2. Plaintiff was throughout her entire employment with Defendant, a covered, non-exempt employee within the meaning of the NYLL. As such, Plaintiff was, and is, entitled to be paid in full for all hours worked.

3. Upon information and belief, Defendant is a foreign corporation organized pursuant to the laws of the State of Delaware.

1

4.     Defendant is considered a large employer, having at least 11 or more employees during the duration of Plaintiff's employment.

5.     Defendant maintained control, oversight, and direction over Plaintiff in regards to timekeeping, payroll, and other employment practices, and functioned as an employer pursuant to the NYLL.

6.     Defendant, by virtue of its ownership, management, and control over the wages and work of Plaintiff, is considered an employer under the NYLL §190(3).

## CLASS ALLEGATIONS

7.     Plaintiff brings this action on behalf of herself and all other similarly situated non-exempt hourly paid employees of Defendant in the State of New York at any time during the period commencing six years prior to the filing of this action and continuing until such further date as the practices complained of are discontinued (the "Class Period").

8.     This action is properly maintainable as a class action pursuant to Article 9 of the New York Civil Practice Law and Rules. Plaintiff brings this action on her own behalf and as a class consisting of:

> All current and former employees who worked for Defendant in the State of New York during the Class Period who were required as a condition of their employment to wear uniforms; were not offered or provided laundering services for the required uniforms; and were not provided uniform maintenance pay or reimbursement;

9.     Hereinafter, the class will be referred to as "Class," and members of the Class as "Class Plaintiffs"

10.    The Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is presently unknown to the Plaintiff, and calculation of such number would require facts in the sole control of Defendant, upon information and belief the size

of the Class is believed to be in excess of 1,000 individuals. In addition, the names of all potential members of the Class are not known.

11.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

12.     There is no conflict between Plaintiff and any other member of the Class.

13.     The questions of law and fact common to the Class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to, the following:

   a.   Whether Class Plaintiffs were required to wear uniforms;

   b.   Whether Defendant failed to reimburse Class Plaintiffs for business expenses borne for the benefit and convenience of the Defendant including the laundering of said uniforms; and

   c.   Whether Defendant laundered or offered to launder the required uniforms;

14.     The claims of Plaintiff are typical to the claims of the Class because they are all current or former employees of Defendant who sustained damages, including underpayment of wages as a result of Defendant's common compensation policies and practices. The defenses that Defendant is likely to assert against the Plaintiff's claims are typical of the defenses that Defendant is likely to assert against the Class.

15.     Plaintiff and her counsel will fairly and adequately protect the interests of the Class. The Plaintiff has retained counsel experienced in complex wage and hour class action litigation.

16.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Plaintiff and the Class members lack the financial resources to

adequately prosecute separate lawsuits against Defendant. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendant's policies.

## **FACTS**

17. All of the below factual allegations are, upon information and belief, consistent among Plaintiff and all members of the Class.

18. Plaintiff was employed by Defendant from approximately May 2014 through January 25, 2020.

19. Plaintiff's duties were to perform labor in furtherance of Defendant's business.

20. Plaintiff had no authority to hire employees, fire employees, suspend employees, discipline employees, and/or discretion or independent judgment regarding matters of significance.

21. Plaintiff's rate of pay was always at or below the applicable minimum wage for an employer on Long Island on a weekly basis accounting for all compensation owed, including uniform maintenance pay.

22. Plaintiff was required to wear a uniform at all times while employed by Defendant. The uniform consisted of a shirt, apron, and hat, all emblazoned with Defendant's logo.

23. Plaintiff was not allowed to select the uniform and no variation was permitted by Defendant.

24. Plaintiff was required by Defendant to wear this uniform every shift.

25. Plaintiff did, in fact, wear the uniform every shift.

26. Defendant did not launder Plaintiff's required uniforms, nor did Defendant offer to launder the required uniforms.

27. Plaintiff's uniform was issued by Defendant to her for the express benefit of Defendant and it was a condition of her employment to wear it in a clean condition during each shift.

28. Defendant never paid any uniform maintenance pay or reimbursement for the cost of maintaining the uniform.

29. Plaintiff was entitled to additional pay for time spent off the clock and money spent in laundering and maintaining Defendant's uniform.

30. Because of Defendant's improper compensation policies, Plaintiff was deprived of pay, in direct violation of the NYLL

31. This pattern of conduct was continuous throughout Plaintiff's employment

32. Defendant's unlawful conduct has been widespread, repeated, and consistent.

**AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF**
**OF PLAINTIFF AND THE CLASS**
**For Violation of the New York Labor Law**

33. Plaintiff alleges and re-alleges all of the other paragraphs contained herein.

34. Defendant required Plaintiff and the Class to wear a uniform consisting of a shirt and pants emblazoned with Defendant's logo.

35. Defendant did not launder Plaintiff or the Class's required uniforms, nor did Defendant offer to launder them.

36. Plaintiff and the Class's uniforms were issued by Defendant for the express benefit of Defendant and it was a condition of their employment to wear them during each shift.

37. Defendant never paid to Plaintiff or the Class any uniform maintenance pay or reimbursement for the cost of maintaining uniforms.

38.     Plaintiff and the Class routinely spent time off-the-clock and money to clean and maintain their uniforms consistent with the uniform appearance standards Defendant required.

39.     The hourly rate paid by Defendant to Plaintiff and the Class was either the applicable minimum wage, or a rate that although above the minimum wage was effectively below the minimum wage when calculating the unpaid uniform maintenance pay.

40.     Defendant's conduct is in violation of Article 19 of the New York Labor Law and its supporting regulations, including the New York Hospitality Industry Wage Order, 12 N.Y.C.R.R. Part 146, and/or the former New York Minimum Wage Order for the Restaurant Industry, 12 N.Y.C.R.R. Part 137 and/or 12 N.Y.C.R.R. Part 142 the Minimum Wage Order for Miscellaneous Industries and Occupations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all Class Plaintiffs, demands judgment against Defendant as follows:

1.     Certification as a class as described herein pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff as representative of the Class and Plaintiff's counsel as lead counsel for the class;

2.     A jury trial on these issues to determine liability and damages;

3.     A judgment declaring that the practices complained herein are unlawful and in violation of New York Labor Law § 230 et seq.; NYC Admin. Code § 6-109; and any other applicable state or federal statute or regulation;

4.     All damages which Plaintiff and Class Plaintiffs have sustained as a result of Defendant's conduct, including all statutory and actual damages, and liquidated damages equal to 100% of actual and statutory damages;

5.     Awarding Plaintiff and the Class their costs and disbursements incurred in connection with this action including reasonable attorneys' fees, and other costs;

6.     Pre-judgment and post-judgment interest, as provided by law; and

7.     Granting such other and further relief as this Court deems necessary and proper.


Dated: Commack, New York
       January 29, 2020


_____
Mark Gaylord, Esq.
Bouklas Gaylord LLP
*Attorneys for Plaintiffs*
357 Veterans Memorial Highway
Commack, New York 11725
Phone: (516) 742-4949